IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY RAY SADLER, | Cause No. CV 21-09-H-BMM-KLD |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| SECRETARY, DEPARTMENT OF CORRECTIONS, et. al., | |
| Respondents. | |

On January 13, 2020, Petitioner Timothy Ray Sadler filed this action under 28 U.S.C. § 2254, in the United States District Court of Florida. (Doc. 1.) Sadler was subsequently granted leave to file an Amended Petition. See, (Doc. 23.) On February 4, 2021, pursuant to an Order issued by United States District Judge Baldalamenti, this matter was transferred from the United States District Court, Middle District of Florida, to this Court. (Doc. 32.) The order noted that Mr. Sadler had been released from Florida state custody. *Id.* at 1.

This Court is familiar with Mr. Sadler and finds, for the reasons set forth below, his federal claims remain unexhausted and his petition should be dismissed without prejudice.

1

## I.      Motion to Proceed in Forma Pauperis

Sadler seeks leave of the Court to proceed in forma pauperis.  (Doc. 37.)

The motion will be denied as moot, because Sadler was previously granted in

forma pauperis status by Magistrate Judge Lammens of the United States District

Court for the Middle District of Florida, Ocala Division.  See, (Doc. 26.)

## II.     Motion to Obtain Time

Sadler asks this Court to award him credit against his sentence for time that

he served in the state of Florida.  See generally, (Docs. 41 & 41-1.)  This Court is

not able to provide Sadler the relief sought.  Federal district courts, as courts of

original jurisdiction, do not serve as appellate tribunals to review errors allegedly

committed by state courts.  *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see*

*also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S.

281, 296 (1970)("lower federal courts possess no power whatever to sit in direct

review of state court decisions").  It would be entirely inappropriate for this Court

to review and/or alter Sadler's state sentence.  Any issue he has should be brought

to the attention of the Montana Department of Corrections.  The motion will be

denied.

## III.    28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek

relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.

###### i. Background

While the instant matter was pending in the United States District Court of Florida, Sadler filed a companion § 2254 petition in this Court.  See, *Sadler v. State of Montana*, Cause No. CV-20-08-H, Pet. (filed February 4, 2020).  There, Sadler alleged he was unlawfully transferred to Florida, in violation of his right to due process and equal protection.  *Id*. at 7.  He explained that he was provided no notice of his transfer to Florida and did not commit any disciplinary violations in Montana which would warrant the transfer.  *Id*. at 13-14.  Sadler acknowledged he had not presented his claims to the Montana state courts.  *Id*. at 8.  The matter was dismissed without prejudice and Sadler was advised that he could return to this Court once he had fully exhausted his claims relative to his current custody in the state courts.  See, *Sadler v. State of Montana*, Cause No. CV-20-08-H, Or. (D. Mont. Feb. 26, 2020).

###### ii. Sadler's Claims

In this instant matter, Sadler initially sought to challenge the revocation of

his Montana sentence and his purportedly unlawful transfer to Florida on due process and equal protection grounds. See, Pet. (Doc. 1 at 5-8.)

In his Amended Petition, Sadler again raised the same claims, but provided additional details, in narrative form, and explained his difficulty in attempting to seek resolution to Montana state matters while incarcerated in Florida. See, Am. Pet. (Doc. 23 at 6-12.) Sadler asked the Court to grant him a new revocation hearing, transfer him back to Montana, reinstate his probation "so due process is fulfilled," and set him free and/or place him in a community-based program. *Id.* at 25. Attached to Sadler's Amended Petition are copies of documents he apparently filed or attempted to file in the state district court in an effort to exhaust his state remedies. *Id.* at 26-62.

Sadler has filed a Supplement to his Amended Petition, (Doc. 38) in which he raises fifteen separate claims alleging various violations of his right to: due process, (*id.* at 6-9; 11-12; 13; 19-22; 23; 24-26; 26-28; 29-30; and, 31-32), equal protection (*id.* at 10-11; 13; 23; 24-26; 26-28; 29-30; and, 31-32), be free of cruel and unusual punishment (*id.* at 10-11;11-12;12-13; 23; 26; 28-29; 29-30; 31-32), protection under the First Amendment (*id.* at 10-11), in addition to state law violations (*id.* at 10-11), and assertions of ineffective assistance of counsel (*id.* at 6-9;12-13; 13-19), and judicial bias/abuse of discretion (*id.* at 24-26). Sadler also believes it is unfair that the same judge that sentenced him in state court is now

4

presiding over his state collateral review proceedings. *Id*. at 5. Sadler asks this Court to hold an immediate evidentiary hearing on these matters and order his transfer from Montana State Prison to the Lewis and Clark County Detention Center. *Id*. at 32.

### iii.    Exhaustion

As Sadler has previously been advised,[1] a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for

---

[1] See, *Sadler v. State of Montana*, Cause No. CV-20-08-H, Find. & Rec. at 3-4 (filed February 11, 2020).

appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

As evidenced by some of the materials filed in this matter, Sadler is attempting to comply with the exhaustion requirement.  The Court has verified that Sadler has a postconviction petition[2] and a petition for habeas corpus relief[3] currently pending before Montana's First Judicial District Court, Lewis and Clark County.[4]

Before Sadler can proceed with a federal habeas petition, he must give the

---

[2] See, *Sadler v. State*, DV-25-2020-1598-PR, Pet. (filed Sept. 9, 2020).

[3] See, *Sadler v. State*, DV-25-2020-153-HC, Pet. (filed Feb. 5, 2020).

[4] A district court may take judicial notice of proceedings, including orders and filings, in other courts, including state courts, when the items are directly related to the case at hand. See, *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).  For purposes of clarity, the Clerk of Court will be directed to file copies of the docket sheets from these two state court matters in this Court's record.

state courts one full opportunity to review his constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  Because Sadler has not yet exhausted his available state court remedies, this Court cannot review his claims.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Sadler to return to this Court if and when he fully exhausts the claims relative to his current custody.

### iv.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Sadler has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists

would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Sadler's Motion to Proceed in Forma Pauperis (Doc. 37) is DENIED as moot.  Sadler has already been granted in forma pauperis status.

2.  Sadler's Motion to Obtain Time (Doc. 41) is DENIED.

3.  The Clerk of Court is directed to file the docket sheets from Mr. Sadler's state court proceedings: *Sadler v. State*, DV-25-2020-1598-PR, and, *Sadler v. State*, DV-25-2020-153-HC, into the record in this matter.

## RECOMMENDATION

1.  Sadler's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sadler may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

8

determination by the district judge and/or waive the right to appeal.

Mr. Sadler must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 25th day of March, 2021.


/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge